# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOBBY LEWIS BLACK,<br><br>       Petitioner,<br><br>       v.<br><br>STATE OF CALIFORNIA,<br><br>       Respondent. | Case No. CV 16-5050 SJO (MRW)<br><br>**ORDER DISMISSING ACTION** |

The Court summarily dismisses Petitioner's habeas petition based on the Younger abstention doctrine.

\* \* \*

Petitioner is an inmate in state custody. The Court previously granted her[1] habeas relief from a robbery conviction based on the trial court's failure to conduct a competency hearing during the action. Black v. Biter, No. CV 13-4167 SJO (MRW) (C.D. Cal.). The Attorney General did not appeal this Court's habeas

---

[1] Petitioner is transgender and identifies herself as female.

determination. Instead, local prosecutors are currently preparing to re-try Petitioner on the original robbery charges. (Docket # 13.)

Petitioner filed this habeas action to challenge her ongoing incarceration. Her petition presented a series of unclear contentions that appear to relate to her historic federal conviction for bank robbery. (Docket # 1 at 5-6.) From this, Petitioner contends that state authorities are without the ability to prosecute her for the instant robbery – she claims that her current criminal case "is a federal matter." (Id.)

Magistrate Judge Wilner issued an order after screening the petition. (Docket # 4.) Judge Wilner informed Petitioner that she likely had not stated a legitimate claim for federal habeas relief. The Court instructed Petitioner to explain in a further submission why she was entitled to pursue the action. Petitioner's subsequent filings failed to clarify the basis for her case. (Docket # 5, 9, 10, 11.)

Nevertheless, in order to obtain accurate information about the status of Petitioner's criminal case, Judge Wilner directed the Attorney General to respond to the petition. (Docket # 12.) The Attorney General promptly informed the Court that Petitioner is awaiting retrial on the original robbery charges with trial set for January 2017. (Docket # 13 at 4.) The Attorney General then moved to dismiss the action based on Younger preemption.

\* \* \*

1.  Federal courts generally abstain from interfering with pending state criminal proceedings before the entry of a judgment of conviction. Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973). Fundamental principles of "comity and federalism" prohibit federal courts from intervening in ongoing state actions. Younger v. Harris, 401 U.S. 37, 45 (1971).

2. <u>Younger</u> abstention generally is appropriate when "(1) there are ongoing state judicial proceedings, (2) the proceedings implicate important state interests, and (3) there is an adequate opportunity in the state proceedings to raise federal questions." <u>Dubinka v. Judges of Superior Court</u>, 23 F.3d 218, 223 (9th Cir. 1994); <u>Sheehee v. Baca</u>, 588 F. App'x 716 (9th Cir. 2014) (same). An ongoing state criminal prosecution typically warrants federal court abstention.

3. The exceptions to the <u>Younger</u> rule are few. A prisoner may seek pre-conviction habeas relief in federal court by demonstrating "extraordinary circumstances" such as "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction." <u>Brown v. Ahern</u>, 676 F.3d 899, 903 (9th Cir. 2012). Another valid exception is when a prisoner raises a "colorable claim of double jeopardy." <u>Stanley v. Baca</u>, 555 F. App'x 707, 708 (9th Cir. 2014) (quoting <u>Mannes v. Gillespie</u>, 967 F.2d 1310, 1312 (9th Cir. 1992)).

4. Petitioner is currently waiting for her retrial on robbery charges based on this Court's previous habeas decision. <u>Younger</u> and its progeny dictate that this Court abstain from interfering with those ongoing state criminal proceedings.

5. Moreover, Petitioner fails to state a credible claim that constitutes an exception to the <u>Younger</u> rule. Her argument that bank robbery can only be prosecuted in <u>federal</u> court, not in state court, is utterly frivolous. <u>See, e.g.</u>, <u>Bartkus v. Illinois</u>, 359 U.S. 121 (1959) (discussing permissible federal and state prosecutions for robbery of federally insured bank). Petitioner's other complaints regarding her treatment in custody are too ill-formed to warrant habeas relief.

6. If it "appears from the application that the applicant or person detained is not entitled" to habeas relief, a court may summarily dismiss a habeas action. 28 U.S.C. § 2243; <u>see also</u> Rule 4 of Rules Governing Section 2254 Cases in United States District Courts (petition may be summarily dismissed if petitioner

1  plainly not entitled to relief); Local Civil Rule 72-3.2 (magistrate judge may
2  submit proposed order for summary dismissal to district judge "if it plainly appears
3  from the face of the petition [ ] that the petitioner is not entitled to relief").
4    7. The Court summarily concludes that Petitioner is not entitled to
5  habeas relief while her state criminal case is ongoing. Therefore, the present action
6  is DISMISSED without prejudice.
7    IT IS SO ORDERED.

Dated: October 13, 2016      *S. James Otero*
            HON. S. JAMES OTERO
            UNITED STATES DISTRICT JUDGE

Presented by:

_____
HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE